```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

KENRIC LEVER,

                    Plaintiff,
                                                **MEMORANDUM AND ORDER**
   -against-                                    15-CV-3327(KAM)

ENTERGY NUCLEAR OPERATIONS INC. aka
ENTERGY NUCLEAR NORTHEAST,
ENTERGY NUCLEAR INDIAN POINT 2, LLC,

                    Defendants.
                                        X
----------------------------------------
```

**MATSUMOTO, United States District Judge:**

   *Pro se* plaintiff Kenric Lever ("Lever" or "plaintiff") commenced this action against his former employer, Entergy Nuclear Operations, Inc. and Entergy Nuclear Indian Point 2, LLC (collectively and hereinafter "Entergy" or defendants") alleging that Entergy breached the collective bargaining agreement ("Union Contract" or "CBA") through various adverse actions taken against plaintiff by its management, culminating in the wrongful termination of his employment.  Presently before the court is a motion by defendants ("Mot.") to dismiss the Amended Complaint ("Amended Complaint" or "Am. Compl.") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") for failure to state a claim upon which relief can be granted.

   For the reasons stated herein, defendants' motion to

dismiss the Amended Complaint is granted with prejudice.

## BACKGROUND

Plaintiff alleges the following facts which the court accepts as true for purposes of considering defendants' Fed. R. Civ. P. 12(b)(6) motion. Plaintiff a resident of Kings County, New York, began working at Entergy's Indian Point Nuclear Power Plant as an armed nuclear officer in or about March 2005. (Am. Compl. ¶¶ 1, 3). Plaintiff was covered by the CBA between Entergy and Local 456 International Brotherhood of Teamsters (the "Union") during the course of his employment Entergy. (Am. Compl. ¶¶ 6, 7). Plaintiff alleges that defendants allowed their management to falsely modify his time sheet, structurally suspend him, withhold portions of his pay, give him frivolous write-ups, bully, harass, humiliate, and retaliate against him, all in violation of the CBA. (*Id.* at ¶¶ 10-17). Plaintiff's employment was terminated by defendants on January 13, 2009. (*Id.* at ¶ 19).

Plaintiff filed the summons for the present action on January 13, 2015, in the Supreme Court of the State of New York, Kings County. (*See* ECF No. 1-2). On June 8, 2015, plaintiff filed the Complaint in the Supreme Court of the State of New York. (*See* ECF No. 1-6). Defendants filed a petition, also on June 8, 2015, removing the action from the Supreme Court of the

State of New York to this court pursuant to 28 U.S.C. § 1441. (*See* ECF No. 1).

On August 28, 2015, plaintiff filed the Amended Complaint. (*See* ECF No. 17). Plaintiff alleges that management breached the CBA, wrongfully terminated him and caused him emotional distress; he seeks $540,000 in compensatory damages and $1,500,000 in punitive damages. (Am. Compl. ¶¶ 21-24). On October 19, 2015, defendants moved to transfer venue to the Southern District of New York.[1] (*See* ECF Nos. 22-25). In addition, defendants' motion to dismiss the Amended Complaint was fully submitted on November 16, 2015. (*See* ECF Nos. 26-29).

**DISCUSSION**

I. **Legal Standard**

When deciding a motion to dismiss under Rule 12(b)(6), the court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those

---

[1] Defendant's motion to transfer this action to the Southern District of New York is now moot because this action is dismissed with prejudice. The court notes that had this action not been dismissed, the transfer motion would have been granted because, among other reasons, all the events giving rise to this action occurred in the Southern District of New York. Thus, "virtually all of the witnesses, documents, and events critical to the litigation" are in the Southern District of New York. *Larca v. United States*, No. 11 Civ. 3952, 2012 WL 6720910, at *3 (S.D.N.Y. Dec.16, 2012) (transferring venue from New York to Ohio where plaintiff, a New York resident, received medical treatment while incarcerated in Ohio, and "little or nothing connect[ed] this case to New York other than Plaintiff's domicile"). Nothing connects this action to the Eastern District of New York other than plaintiff's domicile. *Rabiea v. First Nat. Bank of Pennsylvania*, No. CV 08-0603, 2008 WL 2562004, *2 (E.D.N.Y. June 26, 2008) (transferring case and noting that the "only significant connection" to transferor district was plaintiff's residence).

allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "The function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (citations omitted).

**II. Plaintiff's Claims are Preempted and Time-Barred**

Defendants contend that plaintiff's claims are preempted by the Labor Management Relations Act ("LMRA"), 29

U.S.C. § 185 ("Section 301") and, as such, are time-barred pursuant to the applicable six-month statute of limitation. The court agrees.

### A. Plaintiff's Claims are Preempted Pursuant to LMRA § 301

Section 301 of the LMRA, among other things, "governs actions by an employee against an employer for breach of a collective bargaining agreement." *Dougherty v. American Tel. and Tel. Co.*, 902 F.2d 201, 203 (2d. Cir.1 990); *see also Heaning v. Nynex-New York*, 945 F. Supp. 640, 645 (S.D.N.Y. 1996). Suits arising under § 301 include "those seeking to vindicate 'uniquely personal' rights of employees such as wages, hours, overtime pay, and wrongful discharge." *Hines v. Anchor Motor Freight*, 424 U.S. 554, 562, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976) (quoting *Smith v. Evening News Assn.*, 371 U.S. 195, 199, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962)).

Section 301, therefore, preempts state law claims in cases involving the interpretation of rights and responsibilities under "a collective bargaining agreement, regardless of whether the plaintiff's claims sound in tort or contract." *Cespuglio v. Ward*, No. 03 CIV. 8603,2004 WL 1088235, at *3 (S.D.N.Y. May 13, 2004) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985)) (State law claims are preempted to the extent that

resolution of those claims "is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract."). State law claims, however, are not preempted by federal labor law if they exist independently of a collective bargaining agreement and can be resolved without its interpretation. *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 409, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988); *Fleming v. Stop & Shop Supermarket Co.*, No. 96 Civ. 594, 1997 WL 298399, at * 7 (D. Conn March 31, 1997) (The test for determining whether a state law claim is preempted by section 301 is "whether the claims exist independent of any rights established by the contract or whether the claims are inextricably intertwined with considerations of the terms of the contract.")(internal quotations and citations omitted).

All of plaintiff's claims are inextricably intertwined with the rights and responsibilities established by the CBA. It is undisputed that the CBA[2] was in force during plaintiff's

---

[2] Attached to the Amended Complaint are excerpts of the binding contract between Entergy Nuclear Operations Inc. and Local 456 International Brotherhood of Teamsters, term 2004-2009, which plaintiff describes as the "Union Contract". (*See* ECF No. 17, Amended Complaint, Exs. A-C). Defendants have also attached excerpts of other provisions of the same agreement to its motion to dismiss. (*See* ECF No. 26-1, Defendant's Motion to Dismiss, Exs. 1 and 2, Agreement Between Entergy Nuclear Operations, Inc. and Local 456 International Brotherhood of Teamsters 2004-2009 (the "Union Contract" or "CBA")). The court has considered all the provisions of the CBA submitted by the parties on the instant motion because plaintiff's Amended Complaint makes reference to the "Union Contract" in several instances and seeks interpretation of the CBA. (*See* Am. Compl. ¶¶ 9, 12, 13, 14, 15 and 24). All of the provisions submitted to the court, therefore, are

employment with defendants and its terms governed that employment relationship. (*See* Am. Compl. ¶¶ 5-7, 19; Mot. at 2). Plaintiff repeatedly alleges that he was subjected to adverse actions and mistreatment that were in direct "violation of [the] union contract." (*See* Am. Compl. ¶¶ 9, 12, 13, 14, 15 and 24). These actions, plaintiff alleges, amount to breach of contract, wrongful termination and caused him emotional distress. *Id.*

### i. Breach of Contract

By its terms, the complaint asks the court to determine whether the complained of conduct was in "violation of [the] union contract." (*See* Am. Compl. ¶¶ 9, 12, 13, 14, 15 and 24). Further, plaintiff, in his opposition motion ("Opp.") asserts that this action is a "straight forward [sic] breach of contract section 301 claim," and relies on the CBA as the framework for his claims. (Opp. at 1). It would be impossible for this court to evaluate the breach of contract claim without

---

incorporated by reference into plaintiff's Amended Complaint because plaintiff possessed, had knowledge of and relied upon the CBA in bringing this suit, and there is no dispute about the relevance or veracity of the excerpts submitted to the court. *See Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (On a motion to dismiss "consideration is limited to the factual allegations in [the] amended complaint, . . . documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in "plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit."); *see also Zambrano v. USA Waste of N.Y. City, Inc.,* No. 00-Civ-7990, 2001 WL 80080, at *1 n. 1 (S.D.N.Y. Jan. 31, 2001) ("The Court considers the collective bargaining agreement as having been incorporated in the complaint by reference in view of the complaint's references to the 'union agreements' and the union's alleged breaches of its obligations thereunder."); *McLeod v. Verizon New York, Inc.*, 995 F. Supp. 2d 134, 139 (E.D.N.Y. 2014) (same).

interpreting the CBA. As discussed above, claims that require interpretation of the CBA are preempted by federal labor law and treated as § 301 claims. *See Allis-Chalmers*, 471 U.S. at 220, 105 S.Ct. at 1916; *Lingle*, 486 U.S. at 405-06, 108 S.Ct. at 1881; *Claps v. Moliterno Stone Sales, Inc.*, 819 F.Supp. 141, 150-51 (D. Conn. 1993) (plaintiff's claim for breach of an employment contract preempted by § 301 where there was a collective bargaining agreement in effect). As such, plaintiff's breach of contract claim is preempted under § 301 of the LMRA.

### ii. Wrongful Termination

It also appears that plaintiff attempts to plead a common law wrongful termination claim. (*See* Am. Compl. ¶ 21). Again, it is uncontroverted that the CBA was in force during the entire course of plaintiff's employment and it governed the terms of plaintiff's employment and termination. (*See* Am. Compl. ¶¶ 5-7, 19; Mot. at 2). The CBA contains a grievance procedure that includes an arbitration clause to resolve disputes over employee terminations and other matters. (*See* Mot. Ex. 2, Article 6 at §§ 1 and 2). The CBA also contains a provision on employee discipline that provides a "just cause" standard for disciplinary actions, including terminations. (Mot. Ex. 2, Article 7 at § 8). As a result, resolution of the

plaintiff's wrongful termination claim is dependent on interpretation of the CBA because any limitation on Entergy's right to terminate plaintiff's employment would arise from the CBA and depend upon the meaning and interpretation of the "just cause" standard. Accordingly, plaintiff's wrongful termination claim does not exist independent of any rights established by the CBA and is preempted by § 301 of the LMRA. *See Civardi v. Gen. Dynamics Corp.*, 603 F. Supp. 2d 393, 398 (D. Conn. 2009) (finding a wrongful discharge claim was a hybrid § 301 claim where the binding CBA had a "just cause" provision and a grievance and arbitration procedure to resolve disputes over employee terminations).

### iii. Intentional Infliction of Emotional Distress

To the extent that the Amended Complaint can be construed as alleging an intentional infliction of emotional distress ("IIED") claim, it too is preempted. "IIED claims have been held to be preempted where resolution of the claim 'depends upon whether defendants' conduct was prohibited or condoned by the terms of the collective bargaining agreement.'" *Semper v. New York Methodist Hosp.*, 786 F. Supp. 2d 566, 586 n.6 (E.D.N.Y. 2011) (citing *Seaver v. Yellow Freight Sys., Inc.*, No. 96-CV-105A(H), 1996 WL 622639, at *4 (W.D.N.Y. Aug. 22, 1996)); *Korthas v. NE Foods, Inc.*, No. 5:03-CV-552, 2006 WL 519401, at

*6 (N.D.N.Y. Feb. 27, 2006) (finding Section 301 preemption for IIED claim against employer based on allegedly wrongful termination, because CBA addressed the employer's "rights and duties with respect to disciplining its employees").  Reading the Amended Complaint in the light most favorable to plaintiff, the IIED claim appears to be based on conduct by management that plaintiff describes as bullying and harassment in the form of frivolous write-ups.  (Am. Compl. ¶ 15).  Plaintiff further alleges that he was required to work in the hot radiation area for weeks at a time as a means of retaliation.  *Id.*  Resolution of the IIED claim requires analyzing the rights and the obligations of both parties under the CBA with respect to write-ups and work assignments.  Consequently, the IIED claim is also preempted.

### B. Plaintiff's Hybrid LMRA § 301 Claims are Time-Barred

Defendants argue that plaintiff's claim is a hybrid § 301 claim and therefore is time-barred as a result of the applicable six month statute of limitations.  (*See* Mot. at 5-7).  Plaintiff counters that he brings only a pure § 301 claim, not a hybrid § 301 claim, and therefore the six year statute of limitation applies.  (Opp. at 1-2).  The court finds that plaintiff's claims are hybrid § 301 claims and therefore the six month statute of limitation controls.

"Section 301 does not provide a statute of limitations, so courts have borrowed limitations periods from analogous claims." *Allen v. United Parcel Serv., Inc.*, 988 F. Supp. 2d 293, 298 (E.D.N.Y. 2013); *Local 802, Assoc. Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998); see also *AFLCIO v. Hoosier Cardinal Corp.*, 383 U.S. 696, 697-98, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Which statute of limitations controls depends on the type of § 301 claim that is brought. *Id.*

The two types of § 301 claims are: a "pure" § 301 claim and a "hybrid" § 301 claim. *Allocco v. Dow Jones & Co.*, No. 02 CIV. 1029 (LMM), 2002 WL 1402084, at *6 (S.D.N.Y. June 27, 2002) (citing *Carrion v. Enterprise Assoc., Metal Trades Branch Local Union 638*, 227 F.3d 29, 33 (2d Cir. 2000)). The nature of the claim, and not the identity of the parties, determines whether a § 301 claim is considered pure or hybrid. *Carrion*, 227 F.3d at 34; *Doyle v. United Airlines, Inc.*, 914 F. Supp. 2d 325, 338 n. 6 (E.D.N.Y. 2012). "A pure § 301 action is a suit brought directly by a union against an employer to enforce the CBA." *Carrion*, 227 F.3d at 34; see, e.g., *Local 97, Int'l Bhd. of Elec. Workers v. Niagra Mohawk Power Corp.*, 196 F.3d 117 (2d Cir. 1999) (union brings action confirming arbitration award directing employer to reinstate previously

discharged employee). A hybrid § 301 claim pairs a claim that the employer breached the collective bargaining agreement with a claim that the union's breach of its duty to fairly represent the employee prevented the employee from exhausting the grievance process. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163-64, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Carrion*, 227 F.3d at 34. Even if the union is not named in the suit, courts in the Second Circuit have held that "the mere presence of an arbitration clause is sufficient to render an employee's claim a hybrid claim. . . ." *United Auto., Aerospace & Agric. Implement Workers v. R.E. Dietz Co.*, 996 F.2d 592, 596 (2d Cir. 1993)(citing *McKee v. Transco Products, Inc.*, 874 F.2d 83 (2d Cir. 1989)); *Carrion*, 227 F.3d at 34 (finding that the claim was a hybrid § 301 where the CBA called for arbitration of the employee's grievance).

The differences between pure and hybrid § 301 claims have resulted in the borrowing of different limitations periods. The Supreme Court has held that a pure § 301 "claim closely resembles the traditional section 301 breach of contract action" and is therefore "governed by analogous state contract law limitations." *Tand v. Solomon Schechter Day Sch. of Nassau Cty.*, 324 F. Supp. 2d 379, 384 (E.D.N.Y. 2004) (citing *Int'l Union, United Auto. Workers of America v. Hoosier Cardinal Corp.*, 383

U.S. 696, 703-04, 86 S.Ct. 1107, 1111-12, 16 L.Ed.2d 192 (1966)). In New York the statute of limitations for a breach of contract claim is six years. *Id.* (citing *O'Hare v. General Marine Transport Corp.*, 740 F.2d 160, 167 (2d Cir. 1984)); *see also Tobin v. Barry*, 678 F. Supp. 1018, 1022 (S.D.N.Y. 1987) (applying a six year state of limitations for contract actions to pure section 301 action for breach of a union constitution).

The Supreme Court has held that the appropriate statute of limitations for hybrid § 301 actions is six months. *See DelCostello*, 462 U.S. at 171-72, 103 S.Ct. at 2281; *see also Welyczko v. U.S. Air, Inc.*, 733 F.2d 239, 241 (2d Cir. 1984) ("[W]e adopt for this circuit the rule that in employment termination cases, a six-month statute of limitations applies both retroactively and prospectively to wrongful discharge/failure to represent claims."); *Allen*, 988 F. Supp. 2d at 304 (applying six month statute of limitations to hybrid § 301 action). The six month period begins to run, "when the plaintiff knew or reasonably should have known that a breach occurred." *Strassberg v. New York Hotel & Motel Trades Council*, 31 F. App'x 15, 17 (2d Cir. 2002); *Buttry v. General Signal Corp.*, 68 F.3d 1488, 1492 (2d Cir. 1995) (limitations period "begins to run when a plaintiff knows or reasonably should know that the union has breached its duty of fair representation").

Plaintiff contends that his claim is a "straight forward [sic] breach of contract section 301 claim" and he never intended to pursue a "hybrid" § 301 claim. (Opp. at 1). Further, plaintiff contends that he is suing the defendants, his former employer, for violations of the Agreement. *Id.*

Contrary to plaintiff's contention, the present action is best characterized as a hybrid claim. First, the CBA contained both a grievance procedure and an arbitration clause. (*See* Mot. Ex. 2, Article 6 at §§ 1 and 2). In fact, on or about January 2007, plaintiff took advantage of the grievance procedure and filed "a grievance against a suspension." (*See* Am. Compl. ¶ 17.1). Thus it is clear that the CBA contained, and plaintiff was aware of, the grievance procedures. Further, that plaintiff did not bring suit against the Union does not make his claims pure § 301 claims. Plaintiff "'cannot circumvent the six-month limitations period for hybrid actions by choosing to sue only his employer.'" *Carrion*, 227 F.3d at 34 (quoting *McKee*, 874 F.2d at 86). The Second Circuit has made clear that the nature of the suit, not the parties named, dictates whether the suit is a pure or a hybrid § 301 claim. *Carrion*, 227 F.3d at 34. The plaintiff's claims call for the interpretation of a CBA with a grievance procedure and an arbitration clause, and

consequently, the claims are hybrid § 301 claims.³ *Dietz*, 996 F.2d at 592 ("the mere presence of an arbitration clause is sufficient to render [a § 301 claim] a hybrid claim. . . ."); *McKee*, 874 F.2d at 83 (finding that claim was a § 301 hybrid claim because the collective bargaining agreement contained an arbitration clause).

Plaintiff cites *Cephas v. MVM, Inc.*, 520 F.3d 480 (D.C. Cir. 2008) in support of his argument that his claim is a "straight forward [sic] breach of contract section 301 claim." (Opp. at 1). First, *Cephas* is not binding authority on this court and the Second Circuit's controlling precedent commands a finding that plaintiff has alleged hybrid § 301 claims. In any event, *Cephas* does not support plaintiff's argument; in fact, it does the opposite. In *Cephas*, the District of Columbia Circuit Court held that a claim that was not subject to a grievance process was a pure § 301 claim. 520 F.3d at 489. The *Cephas* court reasoned that "[b]ecause Cephas's claim could not have been processed through the grievance procedure in the CBA, it follows his case does not depend upon his union having breached its [duty of fair representation]." 520 F.3d at 489. The CBA

---

³ That the Amended Complaint is silent as to whether plaintiff exhausted, or even used, the grievance procedures to challenge his termination does not change the court's finding that the plaintiff's claim is a § 301 hybrid claim. *See*, *Allen*, 988 F. Supp. 2d at 300 (citing *McKee* and *Dietz* and holding that the claim was a § 301 hybrid claim regardless of whether plaintiff had exhausted the grievance procedures).

15

specifically provides that "grievance[s] relating to the discharge of an employee may be initiated. . . ." (*See* Mot. Ex. 2, Article 6 at § 1). Thus, unlike in *Cephas*, the CBA in question specifically provides for grievance and arbitration of the conduct that plaintiff complains of here, the discharge of an employee. The presence of a grievance procedure and an arbitration clause here implicates a duty of fair representation by the Union. Consequently, even under *Cephas*, plaintiff's claims are hybrid § 301 claims.

Since plaintiff's claims are hybrid § 301 claims, the applicable statute of limitations is six months. *Welyczko*, 733 F.2d at 241 (adopting six month statute of limitations for hybrid § 301 claim); *Dietz Co.*, 996 F.2d at 596 (same); *McKee*, 874 F.2d at 86 (same). Plaintiff was terminated by defendants on January 13, 2009. (*See* Am. Compl. ¶ 19). Plaintiff knew, or reasonably should have known, that there was a breach of the CBA on this date. Thus, plaintiff's claim accrued on July 13, 2009.[4]

---

[4] A letter, dated April 14, 2009, from attorneys representing the Union to plaintiff, filed as Exhibit A to plaintiff's opposition brief, states that Lever's grievance was denied and that the Union had determined that arbitration would be unsuccessful and therefore, the Union was ceasing further processing of the grievance. (Opp. at Ex. A). The complaint does not rely on that letter, nor is it otherwise integral to the complaint; thus, the Court cannot consider it while evaluating a motion to dismiss pursuant to Rule 12(b)(6). *See Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) ("In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.").

The plaintiff filed the instant action in New York State court on January 13, 2015, more than five years after the statute of limitation expired and six years after his claims accrued. Consequently, plaintiff's claims are dismissed with prejudice. *See Doyle*, 914 F. Supp. 2d at 339 (E.D.N.Y. 2012) (dismissing plaintiffs time-barred hybrid LMRA § 301 claim with prejudice). The court, therefore dismisses the current action with prejudice because amendment to the complaint would be futile. *See, e.g., Ljutovic v. 530 E. 86th St.*, Inc., 05-CV-9846, 2006 WL 2524077, *5-*7 (S.D.N.Y. Aug. 31, 2006) (holding that leave to amend complaint to include a hybrid § 301 claim was futile because any such claim was time-barred).

---

Even if the Court were to consider the aforementioned letter, the court's decision would be unchanged; plaintiff's claim would still be a hybrid § 301 claim subject to the six-month statute of limitations. Based on this letter, plaintiff would have learned of the union's breach of their duty, and thus the claim would have accrued on, or about, April 14, 2009. *See Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 165 (2d Cir.1989) ("[A] breach of duty by the union is apparent to the member at the time she learns of the union action or inaction about which she complains."). Therefore the statute of limitations would have expired on, or about, October 14, 2009, more than five years before the present action was instituted.

17

## CONCLUSION

For the foregoing reasons, the court **grants** defendant's motion to dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  The clerk of court is directed to enter judgment in favor of defendants, close this case, send a copy of this memorandum and order, the judgment and an appeals package to plaintiff and note service on the docket.

**SO ORDERED.**

Dated:   April 22, 2016
         Brooklyn, New York

```
              _____/s/_____
              Kiyo A. Matsumoto
              United States District Judge
```